IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

WORKERS UNITED,

        Plaintiff,

v.

STARBUCKS CORPORATION,

        Defendant.

Docket No.

**Jury Demand**

## COMPLAINT

1. This is a civil action brought by Plaintiff Workers United seeking declaratory judgment against Defendant Starbucks Corporation. Plaintiff seeks a declaratory judgment that it may continue to use the Starbucks Workers United name and logo, notwithstanding the assertion by Starbucks Corporation that such use constitutes trademark infringement.

2. Plaintiff further claims that Starbucks defamed Workers United through the company's public statements asserting that Workers United supports "terrorism, hate and violence." The company's statements are a transparent effort to bolster its illegal anti-union campaign by falsely attacking the union's reputation with workers and the public.

## JURISDICTION AND VENUE

3. Plaintiff seeks a declaration of its rights, pursuant to 28 U.S.C. § 2201(a) and 2202. This Court has jurisdiction over the non-infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

4. This Court has jurisdiction over Plaintiff's defamation claim under 29 U.S.C. § 1367(a) and 29 U.S.C. § 1322(a).

## THE PARTIES

5. Workers United is a Union representing tens of thousands of workers from thousands of employers across numerous industries, including over 9,000 Starbucks workers from over 360 stores across the United States. Workers United is headquartered in Philadelphia, Pennsylvania.

6. Defendant Starbucks Corporation is a Washington corporation with headquarters in Seattle, Washington. It is engaged in the retail operation of restaurants throughout the United States, including hundreds of stores in Pennsylvania, with some 50 stores in the Philadelphia area alone.

7. Starbucks is registered to do business in Pennsylvania as a Foreign Business Corporation. It has therefore consented to jurisdiction in Pennsylvania on any cause of action.

8. Venue is proper because Defendant Starbucks conducts systematic, continuous, and regular business in this District and because a substantial part of the events giving rise to the claim occurred in the Eastern District of Pennsylvania, where Workers United is headquartered.

## FACTUAL ALLEGATIONS

### Starbucks Workers United

9. Workers United was established in 2009, and has used the name "Workers United" since that year.

10. The phrase "workers united" draws on a rich history in the labor movement.

11. Other labor unions have frequently used variations of the term "workers united" or "united workers." For example:

   a. United Auto Workers, one of the most well-known labor unions, has used that name since 1935.[1]

   b. United Farm Workers is another famous union, the predecessor to the farm workers union established by Cesar Chavez and Dolores Huerta in 1962.[2]

   c. National Nurses United is one of the leading unions of nurses, with more than 225,000 members.[3]

   d. Cultural Workers United is a union of employees at museums, libraries, and zoos, representing more than 35,000 employees.[4]

12. Other labor unions have specifically incorporated the employer's name in their titles. For example:

   a. TMobile Workers United is a union of TMobile employes.[5]

   b. Half Price Books Workers United is a union of employees at Half Price Books.[6]

---

[1] https://uaw.org/members/uaw-through-the-decades/
[2] https://www.ufcw.org/actions/campaign/half-price-books-workers-united/
[3] https://www.nationalnursesunited.org/about
[4] https://www.culturalworkersunited.org/
[5] https://tmobileworkersunited.org/about-us-0
[6] https://www.ufcw.org/actions/campaign/half-price-books-workers-united/

    c. DHL Workers United is a campaign to improve conditions for employees of DHL in Kentucky and Ohio.[7]

    d. Medieval Times Performers United is a union of workers at Medieval Times.[8]

    e. Walters Workers United is a union of workers at the Walters Art Museum (not affiliated with Cultural Workers United).[9]

    f. Amazon Labor Union is a union of Amazon workers.[10]

    g. The National Football League Players Association is a union of NFL players. The unions for NBA, MLB, and NHL players have similar names.[11]

    h. The Southwest Airline Pilots Association is a union of pilots at Southwest.[12]

    i. The Coalition of American Red Cross Unions is a coalition of unions that represent employees of the American Red Cross.[13]

13. In 2021, Starbucks employees in Buffalo, New York, began organizing a union with the support of Workers United.

14. In 2021, the organizing campaign began to use the name Starbucks Workers United (SBWU) and the affiliated logo.

15. The logo shows the words "Starbucks Workers United" in a circle around a clenched fist holding a cup.

---

[7] https://teamster.org/dhlworkersunited/
[8] https://www.mtunited.org/
[9] https://www.waltersworkersunited.org/
[10] https://www.amazonlaborunion.org/
[11] https://nflpa.com/
[12] https://www.swapa.org/
[13] https://afscmestaff.org/sectors/health-care-workers/coalition-of-american-red-cross-unions

16. The name and logo can be seen on the Starbucks Workers United website at https://sbworkersunited.org/. A screenshot of that webpage as of October 18, 2023, is attached as Exhibit A.

17. The name "Starbucks Workers United" incorporates the name "Workers United" and draws on the long history of similar union names described above, while also using the phrase "Starbucks workers" to identify the employees who make up the union.

18. The name further expresses the aspiration that Starbucks workers will unite as part of the union.

19. Over the past three years, employees have voted to unionize at more than 350 Starbucks stores under the name of Starbucks Workers United.

20. Workers have succeeded in unionizing despite Starbucks' unprecedented anti-union campaign. As of this date, National Labor Relations Board (NLRB) Administrative Law Judges (ALJs) have found that Starbucks has committed more than 270 violations of the National Labor Relations Act (NLRA).

21. As reflected in the decisions of NLRB judges, Starbucks has used threats, surveillance, and various other forms of coercion to prevent and reverse unionization at its stores. As of this date, NLRB ALJs have found that the company has fired 35 employees for engaging in Union activities, refused to provide increased wages and benefits to unionized stores, unilaterally imposed stricter policies against unionized stores, all the while refusing to bargain in good faith for a first contract. A recent decision by an NLRB ALJ found that Starbucks has engaged in "egregious and widespread misconduct demonstrating a general disregard for the employees' fundamental rights."

22. Starbucks' anti-union campaign has also been the subject of a hearing before the United States Senate.

23. In all that time, Workers United and Starbucks Workers United have maintained an identity that is clearly independent from that of Starbucks. Workers United and Starbucks Workers United have been uniformly recognized as a distinct entity made up of Starbucks employees who are seeking to organize Starbucks workers and advocate for improvements to wages and working conditions at Starbucks.

24. Workers United has no interest in engendering confusion between itself and the corporation whose workers it represents. Particularly given Starbucks' egregious anti-union campaign, Workers United does not want workers to fear that the Union is somehow controlled or sponsored by the company.

25. Further, such entanglement between Starbucks and Workers United would violate the National Laor Relations Act. *See* 29 U.S.C. § 158(a)(2).

26. Accordingly, SBWU clearly identifies itself as a distinct organization.

27. For instance, the SBWU twitter page describes the Union as an organization of "Starbucks Partners coming together to create a better workplace for all."

28. The current pinned tweet on that account announces that "a National Labor Relations Board judge found Starbucks has ILLEGALLY withheld pay increases and benefits from union stores."

29. Another tweet on the Starbucks Workers United twitter accounts states, "Our union won't stop fighting for a fair workplace where we can hold Starbucks accountable with a contract," after noting that "Federal judges determined that Starbucks illegally fired" a worker "as part of an egregious unionbusting campaign."

30. These statements make clear that the account is not speaking on behalf of Starbucks.

31.     No one would mistake these as statements of Starbucks Corporation.

32.     Similarly, the SBWU website describes the Union as a "collective of Starbucks partners across the United States who are organizing our workplaces."

33.     The name "Starbucks Workers United" itself prevents confusion by making clear that it is an organization of "workers."

34.     The SBWU logo uses original imagery of a worker clenching a fist around a cup, a reference to the raised fist that is a longstanding symbol of solidarity among workers and others.

### Starbucks threatens to sue Workers United for trademark infringement.

35.     On October 13, 2023, Defendant wrote a letter to Workers United demanding that Plaintiff "immediately cease and desist using the Starbucks name, logos, and other intellectual property, and variants of those, to identify your organization."

36.     The letter further states: "Your organization's use of the Starbucks name, logos, and branding as part of your organization's identity misleads the public to erroneously associate the organization's stated positions with Starbucks."

37.     Although the October 13 letter did not identify any legal cause of action, based on these demands, Plaintiff understood Defendant to be threatening a lawsuit for trademark infringement.

38.     Defendant accused Workers United of making statements "advocating for violence in the Middle East" and claimed that those statements "have caused, and are continuing to cause, substantial and irreversible harm to Starbucks."

39.     The letter does not identify any particular statement by Workers United that allegedly had such an effect.

40. Plaintiff believes that Defendant was likely referring to a tweet posted on the Starbucks Workers United twitter account stating "Solidarity with Palestine." That tweet was not authorized by the leadership of Workers United or Starbucks Workers United, and it was deleted after approximately 30-40 minutes.

41. Defendant did not offer any evidence to support its claim that the public was confused about the source of the long-deleted tweet, or confused about any other alleged statement by Workers United.

42. In the October 13 letter, Defendant claimed that consumers had made complaints to the company.

43. However, the letter did not assert that any of those complaints reflected confusion between Workers United and Starbucks.

44. Defendant also blamed Workers United for a tweet by Senator Rick Scott calling for a boycott of Starbucks.

45. However, Senator Scott's tweet demanded that Starbucks Corporation "denounce[]" the Union's now-deleted tweet, meaning he was not confused about the source of that deleted tweet.

46. Furthermore, Senator Scott linked to an article that described SBWU as a union of Starbucks workers.

47. Plaintiff responded to the October 13 letter on October 17, pointing out that Defendant had offered no evidence of any confusion.

48. Within hours of receiving Plaintiff's October 17 letter, Defendant sent a message to its entire workforce stating that "some people" are confusing alleged statements of Workers

United for statements by Starbucks Corporation. Again, the message did not identify a single instance of confusion.

49. In that same message, Defendant stated that it "will file litigation against the union in federal court, and we intend to pursue all legal options."

**Starbucks makes public statements associating Workers United with terrorism**

50. In the statements above and others, Starbucks has stated and implied that Workers United supports and advocates for violence and terrorism, as part of a transparent effort to exploit the ongoing tragedy in the Middle East to harm the Union's reputation.

51. On October 11, Starbucks posted on its website: "We unequivocally condemn these acts of terrorism, hate and violence, and disagree with the statements and views expressed by Workers United and its members. Workers United's words and actions belong to them, and them alone."

52. The post implies that Workers United has made "statements" and expressed "views" supporting "terrorism, hate and violence."

53. These allegations were false. Starbucks Workers United did not make a "statement" let alone multiple "statements" advocating for violence, nor did the union take a "position" supporting violence.

54. Before Starbucks posted its statement, Mary Kay Henry, the president of the Service Employees International Union—the international union to which Workers United is affiliated—posted a tweet condemning violence and anti-semitism. That tweet was reposted with approval by Workers United and its president Lynne Fox.

55. Starbucks' allegation appears to be based primarily on an unauthorized tweet that was deleted after 30 to 40 minutes, which did not indicate that the Union supports terrorism. No

reasonable observer could view that tweet, in context, as expressing the "view" or "position" that Workers United supports terrorism.

56. Starbucks may also be referring to other tweets by individuals or groups that do not speak on behalf of Workers United.

57. Starbucks repeated similarly false allegations in its October 13 letter, which it distributed to the media in order to publicize its accusations against Workers United.

58. The October 13 letter asserted that Starbucks Workers United had made "statements advocating for violence in the Middle East."

59. The October 13 letter implied that the "position" of Starbucks Workers United is to support "the use of violence."

60. On October 17, 2023, Starbucks doubled down on its campaign to associate Workers United with terrorism.

61. On that day, Starbucks management sent a message to employees asserting that Workers United "support[s] … violence perpetrated by Hamas."

62. Starbucks also instructed workers to distribute copies of its statements on the topic to customers in Starbucks stores.

63. Starbucks's false statements, as described above, have harmed the reputation of Workers United.

64. Given the lack of any actual customer confusion, the real purpose of Starbucks's statements is to harm the reputation of Workers United. Ironically, while wrongly accusing Workers United of confusing customers about Starbucks's position on terrorism, Starbucks has deliberately mischaracterized the union's position as part of its anti-union campaign.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of Trademarks)

65. Plaintiff incorporates each of the factual allegations from the above paragraphs.

66. Defendant has claimed that Plaintiff's name and logo constitutes trademark infringement and has threatened to bring a lawsuit against Plaintiff on this basis.

67. An actual, present, and justiciable controversy has arisen between Plaintiff and Defendant concerning Plaintiff's right to use the name Starbucks Workers United and the affiliated logo.

68. Plaintiff seeks declaratory judgment from this Court that its use of the Starbucks Workers United name and logo does not constitute trademark infringement, or any other related claim with respect to Defendant's name and logo.

## COUNT TWO
### (Defamation)

69. Plaintiff incorporates each of the factual allegations from the above paragraphs.

70. As alleged above, Starbucks has made false public statements indicating that Workers United supports terrorism and violence. Such false statements occurred in the October 11 website post, October 13 letter (which was distributed to the media), and October 17 letter to employees. Further, Starbucks has directed employees to distribute some or all of these statements to customers in Starbucks stores.

71. Starbucks's statements are false both because they make false factual assertions and because they create a false implication.

72. Specifically, Starbucks has falsely stated and implied that Workers United has made multiple "statements" supporting terrorism and violence; that Worker United has a

"position" in support of terrorism and violence; and that Workers United has "views" supporting terrorism and violence.

73. Starbucks made these statements with knowledge of their falsity.

74. Starbucks made these statements with malice.

75. Starbucks's defamatory statements have caused harm to Plaintiff's reputation.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

a) Enter judgment according to the declaratory relief sought;

b) Grant damages, including compensatory and punitive damages;

c) Grant any such other relief as the Court deems just and proper.

**REQUEST FOR A TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

/s/ Eric L. Young
Eric L. Young
Young Law Group
3031C Walton Road, Suite 301
Plymouth Meeting, PA 19462
(215) 367-5151
eyoung@young-lawgroup.com

Daniel M. Rosenthal
Elizabeth Grdina
Charlotte H. Schwartz
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
(202) 496-0500
(202) 496-0555 facsimile

dmrosenthal@jamhoff.com
bgrdina@jamhoff.com
chschwartz@jamhoff.com
*Applications and Motions for Pro Hac Vice Admission to be Filed.*

Mary Joyce Carlson
1629 K Street NW, Suite 1050
Washington, DC 20006
(202) 230-4096
carlsonmjj@yahoo.com
*Application and Motion for Pro Hac Vice Admission to be Filed.*

Dated: October 18, 2023